NO. 07-04-0363-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 18, 2008

______________________________

IN RE NORTHWEST TEXAS HEALTHCARE SYSTEM, INC.

AND HARVEY ROSS SHADBOLT, CRNA, RELATORS

_________________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

MEMORANDUM OPINION

By opinion dated April 27, 2005, this Court conditionally granted a writ of mandamus in favor of Relators, Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt, C.R.N.A. in a health care liability suit brought by Real Parties in Interest, Susan Roberts and John R. Roberts, Jr., individually and as next friends of their three minor children.  Pursuant to § 13.01(g) of the Medical Liability and Insurance Improvement Act,
(footnote: 1) the trial court granted the Roberts a thirty-day grace period in which to file their expert reports.  This Court concluded that the expert reports were conclusory and thus, insufficient to support a grace period under § 13.01(g) and conditionally granted a writ of mandamus.

On May 9, 2005, the Roberts filed a 
Petition for Writ of Mandamus 
in the Texas Supreme Court seeking relief from this Court’s decision.  Based on its recent decision in 
In re McAllen Medical Center
, 
Inc
., No. 05-0892, 2008 WL 2069837, 51 Tex. Sup. Ct. J. 893 (Tex. May 16, 2008), on June 6, 2008, the Supreme Court held that this Court erred in granting Relators’ requested relief.  Consequently, the Supreme Court conditionally granted mandamus relief in favor of the Roberts and directed this Court to vacate our previous order. 

Accordingly, we vacate our order of April 27, 2005 conditionally granting a writ of mandamus directing the Honorable Don Emerson, Judge of the 320th District Court to withdraw its prior order granting a thirty-day grace period to the Roberts in which to file their expert reports.  We also deny the 
Petition for Writ of Mandamus
 filed by Relators, Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt, C.R.N.A. on July 15, 2004.

Per Curiam

FOOTNOTES
1:
See
 Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986, 
repealed by
,
 
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.  Section 13.01(g) provides that the trial court shall grant a grace period of 30 days to permit the claimant to comply with the subsection (d)(1) deadline on expert reports if the failure to do so was not intentional or the result of conscious indifference but was the result of an accident or mistake.